934 P.2d 34

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Dale MURPHY, Defendant–Appellant.**

No. 22565.

Court of Appeals of Idaho.

March 24, 1997.

Van G. Bishop, Canyon County Public Defender, Daniel M. Truscott, Deputy Public Defender, argued, Nampa, for defendant–appellant.

Alan G. Lance, Attorney General, Michael A. Henderson, Deputy Attorney General, Boise, and Michael Lojek, Legal Intern, argued, Moscow, for plaintiff–respondent.

PERRY, Judge.

Dale Murphy appeals from judgments of conviction entered following his conditional plea of guilty to possession of a controlled substance and possession of drug paraphernalia. The sole issue raised on appeal is whether the district court erred in denying his motion to suppress evidence. We affirm.

## I.

## BACKGROUND

Murphy and his girlfriend, Delaynna Lawrence, were noticed at a Deseret Industries donation box in Nampa. As they were leaving, officer Weekes of the Nampa City Police Department pulled in behind their automobile and stopped them. Officer Weekes questioned Lawrence, who was driving Murphy's automobile, about taking items from the donation box. Lawrence admitted taking certain items from the donation box, which were resting in her lap, and returned them. Officer Weekes then requested Lawrence's consent to search the vehicle and Lawrence consented. Upon learning that Murphy owned the automobile, however, the officer asked Murphy for consent to search, and the two entered into a discussion regarding whether Murphy would consent. With the understanding that Murphy did consent,[1] officer Weekes searched the automobile, finding drugs in a small, open cubbyhole in the front console. Upon further search, the officer found methamphetamine, scales, a straw, plastic baggies and two knives.

Murphy was charged with felony possession of a controlled substance, carrying a concealed weapon, misdemeanor possession of a controlled substance and possession of drug paraphernalia. Murphy moved to suppress the evidence taken as a result of the search. Following a hearing, the district court denied the motion. Pursuant to a plea agreement, Murphy entered a plea of guilty to felony possession of a controlled substance and possession of drug paraphernalia, and the state dismissed the charges of carrying a concealed weapon and misdemeanor possession of a controlled substance. The district

---

1. At a hearing on Murphy's motion to suppress the evidence, there was conflicting testimony whether Murphy freely and voluntarily consented to the search.

court imposed a four-year unified sentence, with a minimum period of incarceration of one year, for possession of a controlled substance.[2] The district court suspended execution of the judgment and placed Murphy on probation. Murphy appealed.

## II.

## STANDARD OF REVIEW

■ When a violation of a constitutional right is asserted through a motion to suppress, the proper appellate response is one of deference to the trial court's factual findings unless those findings are clearly erroneous. *State v. Peightal,* 122 Idaho 5, 7, 830 P.2d 516, 518 (1992); *State v. Knapp,* 120 Idaho 343, 346, 815 P.2d 1083, 1086 (Ct.App.1991). However, the appellate court exercises free review over the trial court's determination as to whether constitutional requirements have been satisfied in light of the facts found. *Knapp,* 120 Idaho at 346, 815 P.2d at 1086.

## III.

## DISCUSSION

Murphy claims the district court erred in finding that he freely and voluntarily consented to the search of his automobile. Murphy also argues that if he did consent to the search, the officer's search of his automobile exceeded the scope of the consent given.

■ The Fourth Amendment requires that all searches and seizures be reasonable. Warrantless searches and seizures are considered unreasonable per se unless they come within one of the few specifically established and well-delineated exceptions to the warrant requirement. *California v. Acevedo,* 500 U.S. 565, 580, 111 S.Ct. 1982, 1991, 114 L.Ed.2d 619 (1991); *State v. Henderson,* 114 Idaho 293, 295, 756 P.2d 1057, 1059 (1988).

The state offers the alternative theory that the search was independently valid under the automobile exception to the warrant requirement. The state contends that because Lawrence told the officer that they had taken items from the donation box, the officer had probable cause to conduct a warrantless

search of the automobile to determine whether additional items had been stolen and remained within the vehicle.

■ Where a ruling in a criminal case is correct, though based upon an incorrect reason, it still may be sustained upon the proper reason. *State v. Pierce,* 107 Idaho 96, 102, 685 P.2d 837, 843 (Ct.App.1984). In *State v. Shepherd,* 118 Idaho 121, 124, 795 P.2d 15, 18 (Ct.App.1990), this Court addressed the issue of whether a warrantless search was valid under an exception to the warrant requirement that was not the basis of the lower court's decision denying the defendant's suppression motion. In that case, the lower court denied the defendant's suppression motion finding that the search was valid under the inventory exception. Our review of the record as presented to this Court in *Shepherd* indicates that the state's argument rested exclusively on the inventory exception both before the lower court and on appeal. This Court, however, held that the warrantless search was proper under the search incident to an arrest and automobile exceptions, and chose not to address the exception relied upon below. In so holding, we stated that "the officer's explanation for searching [the defendant's] automobile is not controlling. The lawfulness of a search is to be determined by the court, based upon an objective assessment of the circumstances which confronted the officer at the time of the search." *Id.* at 124, 795 P.2d at 18; *see also State v. Kopsa,* 126 Idaho 512, 519 n. 4, 887 P.2d 57, 64 n. 4 (Ct.App.1994). Therefore, in light of *Shepherd,* we will assess the validity of the warrantless search under the automobile exception.

■ Under the automobile exception, the police are permitted to "search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained." *State v. Gallegos,* 120 Idaho 894, 898, 821 P.2d 949, 953 (1991), *quoting Acevedo,* 500 U.S. at 580, 111 S.Ct. at 1991. Probable cause is a flexible, common-sense standard. A practical, nontechnical probability that incriminating evidence is involved is all that is required.

2. The district court imposed only a fine and court costs for possession of drug paraphernalia.

*Texas v. Brown,* 460 U.S. 730, 742, 103 S.Ct. 1535, 1543, 75 L.Ed.2d 502 (1983); *United States v. Cortez,* 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981). The officer's determination of probable cause must be based on objective facts which would be sufficient to convince a magistrate to issue a warrant under similar circumstances. *United States v. Ross,* 456 U.S. 798, 808, 102 S.Ct. 2157, 2164, 72 L.Ed.2d 572 (1982); *Shepherd,* 118 Idaho at 124, 795 P.2d at 18. In passing on the question of probable cause, the expertise and the experience of the officer must be taken into account. *Johnson v. United States,* 333 U.S. 10, 68 S.Ct. 367, 92 L.Ed. 436 (1948); *State v. Ramirez,* 121 Idaho 319, 323, 824 P.2d 894, 898 (Ct.App.1991).

■ At the suppression hearing, officer Weekes testified that Lawrence admitted taking items from the donation box. Officer Weekes advised Lawrence that taking items from a donation box was against the law and requested her to return the items taken. Thereafter, upon learning that the automobile was owned by Murphy, officer Weekes explained to Murphy:

> "Under the circumstances I've stopped you for, I saw [Lawrence] outside the donation box and you've told me you've taken items." ... "I want to search the car to see if there's anything else in the vehicle that belongs to ... the Deseret Industries."

An objective assessment of the facts and circumstances of this case indicates that officer Weekes had probable cause to search Murphy's automobile to determine whether Murphy and Lawrence had additional stolen items from the donation box.

■ Next, we address whether officer Weekes had probable cause to search the small, open cubbyhole in the front console for items stolen from the donation box. The scope of a warrantless search under the auto-mobile exception "is no broader and no narrower than a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search." *Ross,* 456 U.S. at 825, 102 S.Ct. at 2173; *Shepherd,* 118 Idaho at 123–24, 795 P.2d at 17–18. At the suppression hearing, officer Weekes testified that she was aware that Deseret Industries sold jewelry and other small knickknacks. Because these small items could have been concealed in the cubbyhole, we conclude that the officer had probable cause to search that area for such items. Therefore, we hold that the warrantless search was proper under the automobile exception. Thus, we need not address whether Murphy consented to the search. *See Shepherd,* 118 Idaho at 124, 795 P.2d at 18.

## IV.

## CONCLUSION

We conclude that the officer had probable cause to search Murphy's automobile, including the small cubbyhole in the front console, for items stolen from the donation box. Thus, we hold that the warrantless search was reasonable under the automobile exception. The order denying Murphy's suppression motion and the judgments of conviction are affirmed.

WALTERS, C.J., and LANSING, J., concur.