**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 32624**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2006  Opinion No. 83** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed:  December 14, 2006** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MICHAEL WILLIAM YOUNG,** | ) | |
| | ) | |
| **Defendant-Appellant.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. D. Duff McKee, District Judge.  Hon. Michael J. Reardon, Magistrate.

Decision of the district court, on appeal from the magistrate division, reversing order granting motion to suppress evidence, <u>affirmed</u>.

Cantrill, Skinner, Sullivan & King, LLP, Boise, for appellant.  Dean C. Sorensen argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.  Lori A. Fleming argued.

_____

GUTIERREZ, Judge

Michael William Young appeals from the district court's decision, on intermediate appeal, reversing the magistrate's order granting Young's motion to suppress evidence.  We affirm albeit on different grounds.

**I.**

**BACKGROUND**

On November 5, 2004, at 11:20 p.m., a police officer observed Young fail to stop his truck at a stop line before the intersection of 32nd Street and West Gerrard Street within Boise city limits.  Young stopped his vehicle between the stop line and the intersection in order to see around a house and a fence that were obstructing his view of any approaching traffic.  Less than half of Young's vehicle was past the stop line.  For this reason, the officer initiated a traffic stop.

1

Upon contacting Young, the officer noticed that his speech was slow and slurred. Young was subsequently arrested and charged with driving under the influence of alcohol (DUI).

The magistrate granted Young's motion to suppress evidence, determining no violation of Idaho's stop sign statute, Idaho Code § 49-807(2), had occurred. The state appealed and the district court reversed upon ruling that an officer's reasonable mistake of law is grounds for a valid investigatory detention. The district court also referenced Young's violation of Boise Municipal Code § 10-09-04. Young now appeals.

## II.

## STANDARD OF REVIEW

The standard of review on a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). On review of a decision of the district court, rendered in its appellate capacity, we examine the record of the trial court independently of, but with due regard for, the district court's intermediate appellate decision. *State v. Bowman*, 124 Idaho 936, 939, 866 P.2d 193, 196 (Ct. App. 1993).

## III.

## ANALYSIS

Young argues that the DUI-related evidence must be excluded because the Boise police officer did not have probable cause or reasonable suspicion necessary to make a legal traffic stop. A traffic stop by an officer constitutes a seizure of the vehicle's occupants and implicates the Fourth Amendment's prohibition against unreasonable searches and seizures. *Delaware v. Prouse*, 440 U.S. 648, 653 (1979). In this situation, probable cause to believe the law has been broken outbalances private interest in avoiding police contact. *Whren v. United States,* 517 U.S. 806, 817-18 (1996). An officer may also stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981).

Probable cause and reasonable suspicion are objective tests. Neither test depends on the individual officer's subjective thoughts nor upon the bases previously offered by the state to justify the stop. *Deen v. State,* 131 Idaho 435, 436, 958 P.2d 592, 593 (1998) (reasonable suspicion); *State v. Murphy*, 129 Idaho 861, 863-64, 934 P.2d 34, 36-37 (Ct. App. 1997) (probable cause). Thus, in determining whether a traffic stop constituted a lawful seizure, courts freely apply relevant law to the objective facts presented, unconstrained by law enforcement's reasoning. This prevents costly resort to the exclusionary rule where a police officer or prosecutor merely fails to articulate the appropriate justification for an otherwise legal search or seizure. *State v. Bower,* 135 Idaho 554, 558, 21 P.3d 491, 495 (Ct. App. 2001).

The state contends there was probable cause to detain Young because I.C. § 49-807(2) and B.M.C. § 10-09-04 can be interpreted as requiring drivers to stop at the stop line.[1] This Court exercises free review over the application and construction of statutes. *State v. Reyes*, 139 Idaho 502, 505, 80 P.3d 1103, 1106 (Ct. App. 2003). Rules for construction of an ordinance are the same as for construction of a statute. *Jackman v. Hamersly,* 72 Idaho 301, 305, 240 P.2d 829, 832 (1952); *State v. Roll,* 118 Idaho 936, 939 n.2, 801 P.2d 1287, 1290 n.2 (Ct. App. 1990). Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. Unless the result is palpably absurd, this Court assumes that the legislature meant what is clearly stated in the statute. *Rhode*, 133 Idaho at 462, 988 P.2d at 688.

Idaho Code § 49-807(2) provides in part:

(2) Except when directed to proceed by a peace officer or traffic-control signal, every driver of a vehicle approaching a stop sign shall stop:
    (a) at a clearly marked stop line, or
    (b) before entering the crosswalk on the near side of the intersection, or
    (c) at the point nearest the intersecting highway where the driver has a view of approaching traffic on the intersecting highway before entering it.

---

[1] Because the state does not argue that an officer's mistake of law can be grounds for an investigatory detention, *see State v. McCarthy*, 133 Idaho 119, 125, 982 P.2d 954, 960 (Ct. App. 1999), we need not address this issue. *See* I.A.R. 35(b)(6).

The state argues that I.C. § 49-807(2) must be read in hierarchical fashion. In essence, the state urges this Court to rewrite the statute as follows:

> . . . every driver of a vehicle approaching a stop sign shall stop:
> (a) at a clearly marked stop line, or**, if there is no stop line**
> (b) before entering the crosswalk on the near side of the intersection, or**, if there is no crosswalk**
> (c) at the point nearest the intersecting highway where the driver has a view of approaching traffic on the intersecting highway before entering it.

We decline the invitation to usurp the legislative branch by supplying the allegedly intended words. Since the statute's language is plain, we cannot ignore it. If a vehicle is stopped at *any* of the locations mentioned in I.C. § 49-807(2), no violation occurs. The compliance-oriented language of § I.C. 49-807(2) plainly allows various options for motorists depending upon the circumstances.

The state further argues that subsections (a) and (b) of I.C. § 49-807(2) become surplusage if a driver may instead choose to stop at point (c). We disagree. No section of the statute is superfluous when I.C. § 49-807(2) is read as offering three choices to stop. Indeed, by creating a zone of permissible stopping locations the statute helps avoid the situation in which drivers are left unsure whether a stop at *only* one mark satisfies the legal requirement of stopping at a stop sign. For example, if circumstances require a driver to stop at a painted stop line, the driver fulfills the stop sign obligation under I.C. § 49-807(2)(a) and need not yield or stop again before passing the intersection unless safety requires. Likewise, a stop for a pedestrian in a crosswalk may also count as a valid stop under I.C. § 49-807(2)(b). The option under section 49-807(2)(c) promotes safety in accord with I.C. § 49-808(1) (movement of a vehicle not allowed onto or upon a highway unless and until the movement can be made with reasonable safety) by requiring drivers to stop at the point closest to the intersection where approaching traffic can be safely viewed. As a result, there is no occasion for this Court to resort to rules of statutory interpretation. Under the facts of this case, the magistrate correctly applied the stop sign statute to determine no Idaho Code traffic violation had occurred. Hence, no probable cause or reasonable suspicion of criminal activity existed to support Young's traffic stop with respect to I.C. § 49-807(2).

The state also relies on Boise Municipal Code § 10-09-04 and argues that this stop sign ordinance provided probable cause for Young's detention. Young, on the other hand, contends

4

that the Boise Municipal Code ordinance is in conflict with the Idaho Code. Boise Municipal Code § 10-09-04 provides:

> Except when directed to proceed by a police officer or traffic-control signal, every driver of a vehicle approaching a stop intersection indicated by a stop sign *shall stop before entering the crosswalk* on the near side of the intersection, *or in the event there is no crosswalk, shall stop at a clearly marked stop line, but if none, then at the point nearest the intersecting roadway where the driver has a view of approaching traffic on the intersecting roadway*, and after having stopped shall yield the right-of-way to any vehicle which has entered the intersection from another street or which is approaching so closely on said street as to constitute an immediate hazard during the time when such driver is moving across or within the intersection.

(Emphasis added.)

Article XII, § 2 of the Idaho Constitution states: "Any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws." *See also Clyde Hess Distrib. Co. v. Bonneville County,* 69 Idaho 505, 512, 210 P.2d 798, 801 (1949). Our Supreme Court has interpreted this constitutional provision as entailing three general restrictions: "(1) the ordinance or regulation must be confined to the limits of the governmental body enacting the same, (2) it must not be in conflict with other general laws of the state, and (3) it must not be an unreasonable or arbitrary enactment." *Hobbs v. Abrams,* 104 Idaho 205, 207, 657 P.2d 1073, 1075 (1983) (quoting *State v. Clark,* 88 Idaho 365, 374, 399 P.2d 955, 960 (1965)).

We hold that B.M.C. § 10-09-04 does not conflict with I.C. § 49-807(2) in particular or Title 49 in general. Idaho Code § 49-208(1)(a) and (b) direct that Title 49 does not prevent local authorities from "Regulating or prohibiting stopping, standing or parking" or "Regulating traffic by means of officers or traffic-control devices." Idaho Code § 49-207 specifically allows cities to enact and enforce general ordinances prescribing additional requirements for the operation of vehicles upon the city's highways. Title 49 thus grants the limited authority to municipalities as exercised in Boise's stop sign ordinance, B.M.C. § 10-09-04. *See* I.C. § 49-206 (limiting authority to express authorizations). The Boise ordinance at issue simply prescribes additional requirements to I.C. § 49-807(2) as authorized by I.C. § 49-207.

The Boise city ordinance mandated that Young stop at the stop line only if there was no crosswalk. Here, the police officer testified on cross-examination that he did not recall there being a crosswalk at the intersection in question. Young, in his testimony, further conceded that

5

he stopped his truck somewhere between the stop line and the intersection. Therefore, under these facts, a violation of B.M.C. § 10-09-04 occurred. Accordingly, the state met its burden to show an exception to the warrant requirement, the existence of probable cause. The DUI evidentiary fruit of the traffic stop is thus admissible.

## IV.
## CONCLUSION

We conclude that Young, in going beyond the stop line, did not violate I.C. § 49-807(2) because the statute allows motorists various options for compliance in coming to a stop at an intersection. However, Young was nonetheless in violation of B.M.C. § 10-09-04 because the Boise city ordinance makes it unlawful for a motorist to stop beyond the line where no crosswalk exists. Consequently, the state met its burden to show probable cause that Young violated the Boise city ordinance. The district court's decision reversing the magistrate's order granting the motion to suppress is affirmed.

Chief Judge PERRY and Judge Pro Tem WALTERS **CONCUR**.