**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42761**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | **2015 Unpublished Opinion No. 703** |
| | ) | |
| **Plaintiff-Respondent,** | ) | **Filed: November 10, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **MATTHEW R. KENT,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Defendant-Appellant.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Order denying motion to suppress, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Eric D. Fredericksen, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Matthew R. Kent appeals from the district court's denial of his motion to suppress. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Kent was stopped for following too closely and having a loud exhaust. The officer approached the passenger side of Kent's vehicle and requested his driver's license, registration, and proof of insurance. Kent was initially unable to locate the documents, appeared jittery, and was having trouble focusing. When Kent leaned over to check his glove box for his paperwork, the officer noticed the smell of marijuana emanating from the vehicle. He asked if Kent had marijuana in the vehicle, and Kent replied in the negative. The officer checked Kent's information and all documents were valid, and there were no warrants for Kent's arrest. The

1

officer then called for an assist unit because he intended to search Kent's vehicle. No search warrant was ever issued. Kent was removed from his vehicle and his person was searched. Kent then relayed that he had not used marijuana in over a year. Kent was then placed in the back of a patrol vehicle while his vehicle was searched. The search yielded drug paraphernalia and methamphetamine.

Kent was charged with possession of methamphetamine, with a sentence enhancement for a prior possession conviction, and possession of paraphernalia. Kent filed a motion to suppress, asserting that his investigatory detention was impermissibly extended longer than necessary to effectuate the stop, and that any probable cause that existed at the time of the initial stop dissipated when marijuana was not found within the glove box. An evidentiary hearing was held and the district court denied Kent's motion to suppress. Kent entered a conditional guilty plea to possession of a controlled substance, with an enhancement for a prior possession conviction, reserving his right to appeal the denial of his suppression motion. Kent timely appeals.

## II.

## ANALYSIS

Kent asserts that the district court erred by denying his motion to suppress. The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999). The trial court denied Kent's motion to suppress, finding that the traffic stop of Kent was permissibly expanded when the officer smelled marijuana emanating from inside the vehicle.

Under the Fourth Amendment, an officer may stop a vehicle to investigate possible criminal behavior if there is a reasonable and articulable suspicion that the vehicle is being driven contrary to traffic laws. *United States v. Cortez*, 449 U.S. 411, 417 (1981); *State v. Flowers*, 131 Idaho 205, 208, 953 P.2d 645, 648 (Ct. App. 1998). The reasonableness of the suspicion must be evaluated upon the totality of the circumstances at the time of the stop. *State*

2

*v. Ferreira*, 133 Idaho 474, 483, 988 P.2d 700, 709 (Ct. App. 1999). The reasonable suspicion standard requires less than probable cause but more than mere speculation or instinct on the part of the officer. *Id*. An officer may draw reasonable inferences from the facts in his or her possession, and those inferences may be drawn from the officer's experience and law enforcement training. *State v. Montague*, 114 Idaho 319, 321, 756 P.2d 1083, 1085 (Ct. App. 1988). The purpose of a stop and the length of the stop to effectuate its purpose are not fixed at the time of initiation because the officer's observations may give rise to a legitimate reason for further investigation. *State v. Sheldon*, 139 Idaho 980, 984, 88 P.3d 1220, 1224 (Ct. App. 2003); *State v. Myers*, 118 Idaho 608, 613, 798 P.2d 453, 458 (Ct. App. 1990).

Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement, or was otherwise reasonable under the circumstances. *Id.* Pursuant to the automobile exception, a warrantless search of a vehicle is authorized when there is probable cause to believe the vehicle contains contraband or evidence of criminal activity. *United States v. Ross*, 456 U.S. 798, 824 (1982); *State v. Smith*, 152 Idaho 115, 120, 266 P.3d 1220, 1225 (Ct. App. 2011). "Probable cause is established if the facts available to the officer at the time of the search would warrant a person of reasonable caution in the belief that the area or items to be searched contained contraband or evidence of a crime." *State v. Yeoumans*, 144 Idaho 871, 873, 172 P.3d 1146, 1148 (Ct. App. 2007).

The district court found that the scope of the traffic stop was not impermissibly extended because the distinctive smell of marijuana emanating from Kent's vehicle provided the officer with probable cause to search the vehicle for marijuana pursuant to the automobile exception. Here, the officer's detection of the smell of marijuana occurred while the officer had reasonable suspicion for the traffic stop based upon the traffic violation. While conducting duties within the scope of the purpose for the original stop--requesting Kent's driver's license and proof of insurance--the officer noticed that Kent was jittery and was having a hard time focusing. Then, while Kent was searching for his proof of insurance in the glove box, the officer smelled marijuana. Probable cause for a search is established when a trained officer detects the smell of marijuana in a vehicle. *State v. Gonzales*, 117 Idaho 518, 519, 789 P.2d 206, 207 (Ct. App.

1990).[1] The probable cause developed by the odor of marijuana did not limit the search to any specific area of Kent's vehicle, but instead gave the officer the right to search every part of the vehicle that may conceal marijuana. *Ross*, 456 U.S. at 825; *State v. Anderson*, 154 Idaho 703, 706-708, 302 P.3d 328, 331-333 (2012); *State v. Murphy*, 129 Idaho 861, 864, 934 P.2d 34, 37 (Ct. App. 1997); *Gonzales*, 117 Idaho at 520, 789 P.2d at 208.

While the district court determined that the officer first smelled marijuana when Kent searched in the glove box, there was no finding that the smell of marijuana was emanating from the glove box. Kent's implied argument that the smell of marijuana came from the glove box is not supported by the factual findings of the district court. Instead, the district court specifically found that the officer smelled the odor of marijuana emanating from inside Kent's vehicle. The closeness in temporal proximity between the officer smelling marijuana and Kent opening the glove box does not mean that the smell came from the glove box. Probable cause existed to justify a search of the vehicle and its contents that may conceal marijuana. *Ross*, 456 U.S. at 825; *Murphy*, 129 Idaho at 864, 934 P.2d at 37. Kent has demonstrated no legal or factual basis to support his contention that the officer had probable cause to search only a localized area of the vehicle. Because the officer developed probable cause to search for marijuana during the investigatory detention, he developed probable cause to search every part of the vehicle that may conceal marijuana.

### III.
### CONCLUSION

The smell of marijuana emanating from Kent's vehicle gave the officer probable cause to believe that he would find evidence of a crime or contraband in the vehicle. The officer had probable cause to extend the stop and search every part of the vehicle that may have contained marijuana. The district court's order denying Kent's motion to suppress is affirmed.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.

---

[1] "The smell of marijuana *alone* can satisfy the probable cause requirement for a warrantless search." *State v. Gonzales*, 117 Idaho 518, 519, 789 P.2d 206, 207 (Ct. App. 1990) (citation omitted).

4