IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41730

| STATE OF IDAHO, | ) | 2015 Opinion No. 77 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed:  November 17, 2015 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ARNOLD DEAN ANDERSON, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Randy J. Stoker, District Judge.

Amended judgment of conviction and sentence; order denying motion to suppress; and order denying Idaho Criminal Rule 35 motion, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Arnold Dean Anderson appeals from the district court's amended judgment of conviction, asserting the district court erred in denying his motion to suppress.  Anderson also argues the district court abused its discretion by imposing an excessive sentence in light of mitigating factors and for failing to reduce his sentence under Idaho Criminal Rule 35.  We affirm.

**I.**

**FACTUAL AND PROCEDURAL HISTORY**

After observing a vehicle turn without using a signal, Officer Woodward stopped the vehicle and made contact with Anderson (the driver) and a passenger.  Anderson advised Officer Woodward that his license was suspended.  Anderson also told Officer Woodward that he was driving because he was trying to sell the vehicle to the passenger and wanted to show the passenger how it operated.  During the conversation, Officer Woodward observed a brown paper

1

bag located near the center console of the vehicle. Anderson admitted the bag contained alcohol and pulled out a bottle of whiskey with a portion of the alcohol missing, thereby establishing the bottle was an open container. After being asked if there was anything illegal in the vehicle, Anderson briefly hesitated and then responded no.

Anderson was removed from the vehicle and arrested for driving without privileges. Another officer who had arrived on the scene removed the passenger. Officer Woodward first asked Anderson if the alcohol was his friend's. Anderson answered affirmatively. When Officer Woodward subsequently asked the passenger about the alcohol, the passenger stated that it was not his and that he does not drink alcohol.

As a result of finding an open container of alcohol, and based on the differing statements of Anderson and the passenger, Officer Woodward searched the vehicle. He found what appeared to be a bag of marijuana near the center console and a plastic container that appeared to contain methamphetamine on the floor between the door and seat on the driver's side.

Anderson was charged with possessing methamphetamine and being a persistent violator of the law. Anderson filed a motion to suppress arguing, *inter alia*, that the officer lacked legal justification to search the vehicle. After an evidentiary hearing, the district court denied suppression of the methamphetamine, ruling the warrantless search was justified under the automobile exception. Anderson was found guilty of possessing methamphetamine at a jury trial and admitted to being a persistent violator. The district court imposed a unified sentence of ten years, with three years determinate. Anderson timely appealed. Anderson also filed a timely Idaho Criminal Rule 35 motion asking the district court to reconsider the imposed sentence. The district court denied the motion without a hearing.

## II.

## STANDARD OF REVIEW

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine: (1) whether the lower court correctly perceived the issue as one of discretion; (2) whether the lower court acted within the boundaries of such discretion and consistently with any legal standards applicable to the specific choices before it; and (3) whether the lower court reached its decision by an exercise of reason. *State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989).

# III.

# ANALYSIS

Anderson presents three arguments on appeal. First, he argues that the officers lacked probable cause to search the vehicle. Second, he argues that the district court abused its discretion when it sentenced him to a unified sentence of ten years, with three years determinate. Third, he argues that the district court abused its discretion when it declined to reduce the sentence in light of new information offered in support of his Rule 35 motion. These arguments fail.

## A.      Probable Cause

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

The Fourth Amendment requires that all searches and seizures be reasonable. Warrantless searches and seizures are considered unreasonable per se unless they come within one of the few specifically established and well-delineated exceptions to the warrant requirement. *California v. Acevedo*, 500 U.S. 565, 580 (1991); *State v. Murphy*, 129 Idaho 861, 863, 934 P.2d 34, 36 (Ct. App. 1997). Under the automobile exception, police may search an automobile when they have probable cause to believe that the automobile contains contraband or evidence of a crime. *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991) (quoting *Acevedo*, 500 U.S. at 580). Probable cause is a flexible, common sense standard. A practical, nontechnical probability that incriminating evidence is present is all that is required. *Texas v. Brown*, 460 U.S. 730, 742 (1983). The officer's determination of probable cause must be based on objective facts which would be sufficient to convince a magistrate to issue a warrant under similar circumstances. *United States v. Ross*, 456 U.S. 798, 808 (1982); *Murphy*, 129 Idaho at 864, 934 P.2d at 37. If probable cause justifies the search of a lawfully stopped vehicle, it

justifies the search of every part of the vehicle and its contents that may conceal the object of the search. *State v. Gibson*, 141 Idaho 277, 282, 108 P.3d 424, 429 (Ct. App. 2005).

In *Murphy*, two individuals were noticed at a Deseret Industries donation box. As they were leaving in their vehicle, an officer stopped them and asked if they had taken items from the donation box. They admitted they had, and the driver turned over several items resting on her lap. The officer then searched the car for other items that may have belonged to Deseret Industries. During the course of his search, he discovered methamphetamine and other drug paraphernalia. The defendants filed a motion to suppress. *Murphy*, 129 Idaho at 862, 934 P.2d at 35. The Court determined that the officer had probable cause to search the vehicle to determine whether the defendants had additional stolen items from the donation box. *Id.* at 864, 934 P.2d at 37.

Here, the situation is analogous to *Murphy*. During a legal traffic stop, Officer Woodward saw evidence of contraband. This observation provided him with probable cause to believe that a crime had been committed. When officers observe contraband in plain view inside a vehicle, they are justified under the automobile exception in searching the vehicle for additional contraband, as long as the scope of the search is limited to only those places where such contraband might reasonably be found. Like the officer in *Murphy*, Officer Woodward was not obligated to forego or stop a search because he had already found some evidence of wrongdoing. Other evidence, such as hesitating to answer the officer's question about anything illegal in the vehicle and denial of ownership of the bottle, can be considered in the probable cause analysis. However, seeing the contraband in plain view is sufficient to create probable cause to search for additional contraband. Therefore, the district court's findings of fact are supported by substantial evidence and the motion to suppress was properly denied.

**B.      Sentence**

An appellate review of a sentence is based on an abuse of discretion standard. *State v. Burdett*, 134 Idaho 271, 276, 1 P.3d 299, 304 (Ct. App. 2000). Where a sentence is not illegal, the appellant has the burden to show that it is unreasonable, and thus, a clear abuse of discretion. *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992). A sentence may represent such an abuse of discretion if it is shown to be unreasonable upon the facts of the case. *State v. Nice*, 103 Idaho 89, 90, 645 P.2d 323, 324 (1982). A sentence of confinement is reasonable if it appears at the time of sentencing that confinement is necessary to accomplish the primary

4

objective of protecting society and to achieve any or all of the related goals of deterrence, rehabilitation, or retribution applicable to a given case. *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982). Where an appellant contends that the sentencing court imposed an excessively harsh sentence, we conduct an independent review of the record, having regard for the nature of the offense, the character of the offender, and the protection of the public interest. *State v. Reinke*, 103 Idaho 771, 772, 653 P.2d 1183, 1184 (Ct. App. 1982). When reviewing the length of a sentence, we consider the defendant's entire sentence. *State v. Oliver*, 144 Idaho 722, 726, 170 P.3d 387, 391 (2007).

Here, the district court acted consistently with appropriate legal standards and reached its decision by an exercise of reason. At the sentencing hearing, the district court stated that it considered a number of factors in sentencing, including the factors in Idaho Code Section 19-2521 and concepts of deterrence, retribution, rehabilitation, and the good order and protection of society. In making its decision, the district court highlighted Anderson's previous felony convictions, the length of his misdemeanor record, and his dishonesty concerning drug use. The district court determined, having considered the facts, relevant statutes, and case law, that a unified ten-year sentence, with three years determinate, was appropriate. The district court considered relevant law and presented findings to support its decision, and therefore, did not abuse its discretion.

## C.    Rule 35 Motion

A motion for reduction of sentence under I.C.R. 35 is essentially a plea for leniency, addressed to the sound discretion of the court. *State v. Knighton*, 143 Idaho 318, 319, 144 P.3d 23, 24 (2006); *State v. Allbee*, 115 Idaho 845, 846, 771 P.2d 66, 67 (Ct. App. 1989). In presenting a Rule 35 motion, the defendant must show that the sentence is excessive in light of new or additional information subsequently provided to the district court in support of the motion. *State v. Huffman*, 144 Idaho 201, 203, 159 P.3d 838, 840 (2007). In conducting our review of the grant or denial of a Rule 35 motion, we consider the entire record and apply the same criteria used for determining the reasonableness of the original sentence. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct. App. 1987).

The district court acted within the boundaries of its discretion when it denied Anderson's Rule 35 motion. The district court found that Anderson's motion provided no new information to consider concerning the propriety of the imposed sentence. The district court emphasized

information contained in the pre-sentence investigation report, specifically that this case constitutes Anderson's eighth felony offense, in addition to over twenty misdemeanor offenses and that no information in the motion contradicted his criminal history. The district court did not abuse its discretion.

## IV.

## CONCLUSION

Based on the foregoing, the district court's order denying the motion to suppress, amended judgment of conviction, and the order denying the Rule 35 motion are affirmed.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.