**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 49692**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: January 12, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| GARY JAMES LEONARD, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. Barbara Buchanan, District Judge. Hon. Justin W. Julian, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate court, affirming judgment of conviction for exceeding the maximum posted speed limit, <u>affirmed</u>.

Gary James Leonard, Bonners Ferry, pro se appellant.

Hon. Raúl R. Labrador, Attorney General; Andrew V. Wake, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Chief Judge

Gary James Leonard appeals from the decision of the district court, on intermediate appeal from the magistrate court, affirming Leonard's judgment of conviction for exceeding the maximum posted speed limit. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer issued a traffic citation to Leonard for driving a vehicle at 46 mph on a road with a posted speed limit of 35 mph. The magistrate court held a bench trial at which Leonard represented himself pro se. While testifying, he asserted that he "did not believe that the posted speed limit is the actual correct speed limit for that road" because the county had not "perform[ed]

1

an engineering or traffic investigation," which Leonard asserted was required by statute. The magistrate court construed the argument presented during his testimony as a motion to dismiss and denied the motion. Ultimately, the magistrate court found that Leonard committed the traffic infraction. Leonard appealed to the district court, which affirmed. Leonard again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate court, we review the record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Leonard asserts that "Boundary County Ordinance 73-2, ordained and signed in 1973, became invalid and outside the Idaho State Constitution Article XII[,] [Section] 2 on or prior to 1987 due to changes in Idaho Code Title 49."[1] The State responds that Leonard forfeited this argument because he "has not cited or applied any standard of review" and that, in any event, the argument is unpreserved because Leonard failed to raise it to the magistrate court.[2] Because Leonard failed to preserve the constitutional argument he now advances on appeal, we affirm.

The State, relying on *State v. Kralovec*, 161 Idaho 569, 388 P.3d 583 (2017), and *Cummings v. Stephens*, 160 Idaho 847, 380 P.3d 168 (2016), asserts that, "if an appellant fails to

---

[1]     This ordinance is not in the appellate record.

[2]     The State also asserts that "the district court addressed and correctly rejected the argument Leonard did make before the magistrate court." We do not interpret Leonard's appellate briefing as raising this issue and, thus, we will not address this aspect of the State's argument further.

articulate or provide analysis relating to the relevant standard of review, the appellant's argument is conclusory[,] which is fatally deficient to the appeal." Since *Kralovec* and *Cummings*, however, the Idaho Supreme Court has disavowed an interpretation of Idaho case law that would require "a formalistic recitation of the standard of review" and observed that the "real concern of this Court is whether an appellant's arguments are supported with relevant argument and authority." *State v. Jeske*, 164 Idaho 862, 870, 436 P.3d 683, 691 (2019). Although Leonard fails to cite to the standard of review applicable to decisions by a district court on intermediate appeal, he has provided adequate argument and authority. Leonard cites to Article XII, Section 2, of the Idaho Constitution, which provides that "any county or incorporated city or town may make and enforce, within its limits, all such local police, sanitary and other regulations as are not in conflict with its charter or with the general laws." He also relies on *State v. Young*, 144 Idaho 646, 650, 167 P.3d 783, 787 (Ct. App. 2006), which identified three restrictions on the authority of a county, incorporated city, or town stemming from Article XII, Section 2, of the Idaho Constitution. One such restriction is that an ordinance must not be in conflict with other general laws of the State. *State v. Clark*, 88 Idaho 365, 374, 399 P.2d 955, 960 (1965). In light of Leonard's argument that certain statutes invalidated the Boundary County ordinance, we conclude that his failure to cite the correct standard of review is not fatal to his appeal.

We agree, however, that Leonard failed to present his constitutional challenge to the magistrate court. When a party appeals a decision to the district court, the party may only raise issues that it presented to the magistrate court because, generally, issues not raised below may not be considered for the first time on appeal. *See* I.C.R. 54(f)(1); *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Further, when a party appeals the decision of an intermediate appellate court, the appellant may not raise issues that are different from those presented to the intermediate court. *State v. Sheahan*, 139 Idaho 267, 275, 77 P.3d 956, 964 (2003). Leonard asserts that "the constitutionality of the ordinance was challenged multiple times throughout the submitted briefs and through oral arguments," and provides citations to the record. His citations, however, show that he raised a constitutional challenge for the first time in his reply brief on intermediate appeal and during his oral argument to the district court, which is not sufficient to preserve the issue he now asserts on appeal. Our review of the record reveals that Leonard never raised his

constitutional challenge to the magistrate court. Because Leonard failed to preserve this issue for appeal, we will not consider whether the Boundary County ordinance is unconstitutional.

## IV.

## CONCLUSION

Leonard failed to preserve his constitutional challenge to the Boundary County ordinance and, thus, has failed to show error. Accordingly, the decision of the district court, on intermediate appeal from the magistrate court, affirming Leonard's judgment of conviction for exceeding the maximum posted speed limit is affirmed.

Judge GRATTON and Judge BRAILSFORD, **CONCUR**.