789 P.2d 206

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Eloy Elmo GONZALES,
Defendant–Appellant.**

No. 17811.

Court of Appeals of Idaho.

April 2, 1990.

Alan E. Trimming, Ada County Public Defender, Edward B. Odessey, Sr. Trial Atty. (argued), Boise, for defendant-appellant.

Jim Jones, Atty. Gen., James E. Leuenberger, Deputy Atty. Gen. (argued), for plaintiff-respondent.

SWANSTROM, Judge.

In a jury trial, Eloy Gonzales was found guilty of conspiracy to possess a controlled substance. He appeals. The sole issue is whether the district court erred in denying Gonzales' motion to suppress evidence seized during a warrantless search of a motor home. For the following reasons, we affirm.

A state police officer stopped a motor home on Interstate 84 near Moriarity, New Mexico, because of expired license tags. The officer learned, from papers produced by the driver, that the vehicle had been rented a few days earlier in Boise, Idaho. When questioning the driver, the officer detected the smell of "raw marijuana" emanating from the motor home. The officer told the driver and a passenger that he was going to conduct a search. He called for a backup and then entered the motor home to commence the search. He discovered twenty to forty pounds of loosely wrapped marijuana in a suitcase within a closet and seventy to eighty pounds of marijuana were located under a bed in the rear of the vehicle. Gonzales, who had been lying on the bed, was arrested, as were two other adult occupants of the motor home. As a result of these events in New Mexico, Gonzales was returned to Boise, Idaho, where he was charged with conspiracy to possess a controlled substance with intent to deliver. Gonzales was tried and convicted of the charge. This appeal followed.

When reviewing suppression questions, the review of probable cause determinations is bifurcated. We defer to the lower court's factual findings when supported by substantial evidence and exercise free review over questions of law. *State v. Montague*, 114 Idaho 319, 756 P.2d 1083 (Ct.App.1988).

Gonzales concedes that the officer had the right to stop the motor home. He also concedes that the officer had the right to briefly question the driver of the vehicle at the door where the officer smelled the odor of raw marijuana coming from inside. Gonzales contends, however, that the officer's warrantless entry into the motor home, where he systematically examined all compartments and containers for marijuana was an unreasonable search in violation of the Fourth Amendment. We disagree.

Essentially, Gonzales argues that the officer's general search was subject to the tests of the "plain view" doctrine, as discussed by this Court in *State v. Caldero*, 109 Idaho 80, 705 P.2d 85 (Ct.App.1985). His argument notes that the first test was met, the officer was entitled to be near the open door of the motor home when he smelled the marijuana. Gonzales goes on to argue, however, that the officer was required to focus his search upon containers which were "immediately apparent" receptacles of contraband. The argument is misdirected. The plain view doctrine is not applicable to the search conducted here.

Rather, this search comes within the automobile exception to the warrant requirement. The automobile exception applies when there is probable cause to conclude that the vehicle contains evidence of a crime, and exigent circumstances exist due to the vehicle's mobility and likelihood the evidence maybe lost or destroyed. *Carroll v. United States*, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925); *State v. Fowler*, 101 Idaho 546, 617 P.2d 850 (1980). *See also California v. Carney*, 471 U.S. 386, 105 S.Ct. 2066, 85 L.Ed.2d 406 (1985) (motor home being used for transportation falls under the automobile exception). A warrantless search of a motor vehicle is proper if supported by probable cause.

*United States v. Bowman*, 487 F.2d 1229 (10th Cir.1973).

As noted, Gonzales does not dispute the propriety of the officer's stop of the motor home for expired license plates. Nor does he dispute the district court's finding that the officer was trained to recognize by smell the presence of "raw marijuana." "The smell of marijuana *alone* can satisfy the probable cause requirement for a warrantless search." *State v. Capps*, 97 N.M. 453, 641 P.2d 484, 487 (1982) (emphasis original); *accord United States v. Bowman, supra.* An officer may draw reasonable inferences to establish probable cause from related experience and law enforcement training. *State v. Montague, supra.* A search warrant was not necessary because motor vehicles are subject to warrantless searches if probable cause exists, leading the officer to believe seizable evidence is contained therein. *State v. Capps, supra; see also Chambers v. Maroney*, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). The mobile characteristic of a vehicle, such as a motor home, creates exigent circumstances under which a warrantless search is allowed. *United States · v. Ross*, 456 U.S. 798, 806–07, 102 S.Ct. 2157, 2163–64, 72 L.Ed.2d 572 (1982).

In *Ross*, the United States Supreme Court effectively laid to rest the questions raised here by Gonzales as to the scope and method of the search for contraband drugs within a vehicle.

> A warrant to search a vehicle would support a search of every part of the vehicle that might contain the object of the search. When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions between closets, drawers, and containers, in the case of a home, or between glove compartments, upholstered seats, trunks and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.
>
> This rule applies equally to all containers, as indeed we believe it must.

*Id.* at 821–22, 102 S.Ct. at 2171.

> The [automobile] exception recognized in *Caroll* [*v. United States*, 267 U.S. 132,

45 S.Ct. 280, 69 L.Ed. 543 (1925)] is unquestionably one that is "specifically established and well delineated." We hold that the scope of the warrantless search authorized by that exception is no broader and no narrower than a magistrate could legitimately authorize by warrant. If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.

*Id.* at 825, 102 S.Ct. at 2173.

We hold Gonzales' motion to suppress was properly denied by the district court. Accordingly, the judgment of conviction is affirmed.

WALTERS, C.J., and BURNETT, J., concur.