**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48105**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 2, 2021** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOHN MORGAN MCCOMAS, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Dane H. Watkins, Jr., District Judge.

Judgment of conviction for possession of a controlled substance with intent to deliver, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Kimberly A. Coster, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Chief Judge

John Morgan McComas appeals from his judgment of conviction for possession of a controlled substance with intent to deliver, Idaho Code § 37-2732(a)(1)(A). McComas argues the district court erred in denying his motion to suppress because the State did not present sufficient evidence that Officer Howell had the training and experience to detect marijuana odor and, alternatively, that the totality of the circumstances did not establish probable cause for the search. First, McComas's challenge to Officer Howell's training and experience is unpreserved. Second, because the totality of the circumstances established that there was a credible detection of marijuana odor by a trained officer, there was probable cause for the search. Accordingly, the judgment of conviction is affirmed.

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer Shanor stopped McComas for making an unlawful turn. Officer Shanor spoke to McComas from outside of his driver side window; McComas handed Officer Shanor his identification and disclosed that he had a semi-automatic rifle in the cab of his truck. Officer Shanor recognized McComas's name and his connection as a suspect in a firearm theft.

Officer Shanor returned to his patrol car, requested backup, called McComas's information in to dispatch, and checked the availability of a drug dog. Dispatch relayed that McComas did not have a driver's license and a drug dog was approximately ten minutes away. Officer Shanor returned to speak with McComas at his driver side window. McComas admitted he did not have a driver's license, stated he also had a pistol in the truck, and consented to Officer Shanor removing the firearms and running the serial numbers to verify their registrations. Around this time, Officer Howell arrived at McComas's passenger side window, learned of McComas's consent to remove the firearms, and opened both of the passenger side doors of the truck to secure the firearms. While Officer Howell was locating the firearms in the truck, he noted "smells like weed in here, man."

The officers spoke behind McComas's truck and discussed the firearms and the possible connection to a recent theft of a similar semi-automatic rifle. Officer Howell expressed concern that McComas may have additional firearms in the truck, particularly in a black bag he saw while securing the firearms. The officers returned to speak with McComas about the bag; McComas denied that any additional firearms were in the bag and he did not consent to its search.

Officer Howell proceeded to run the firearms' serial numbers while Officer Shanor completed a citation for McComas driving without a license. Officer Shanor checked on the drug dog's status and learned it was several minutes from the scene. Officer Shanor returned to speak with McComas. After Officer Shanor served McComas with a citation for driving without a license, he informed McComas that Officer Howell smelled marijuana in the truck. Officer Shanor asked McComas to get out of the truck and McComas complied. Officer Shanor opened McComas's driver side door and searched the truck. The search revealed ammunition, cash, ledgers (including a list of clients, dates, drugs, and pricing), two marijuana edibles, and ten marijuana cartridges.

The State charged McComas with felony possession of a controlled substance with intent to manufacture or deliver and misdemeanor possession of drug paraphernalia with intent to use; the misdemeanor is not at issue in this appeal. McComas filed a motion to suppress. Although McComas conceded that the smell of marijuana provides probable cause for a search, he argued that the totality of the circumstances did not provide probable cause because only Officer Howell, not Officer Shanor, smelled marijuana.

The district court held a suppression hearing at which Officer Howell and Officer Shanor testified. Officer Howell testified that he was a "drug recognition expert" who had seized and smelled marijuana "hundreds" of times and he "smelled an overwhelming odor of marijuana" within McComas's truck. Although Officer Howell admitted that he cannot smell marijuana from the cartridges or edibles that were found during the search, he also explained that marijuana has a "pungent odor" that may linger in an area or container after the product is removed. Officer Shanor testified that he did not smell marijuana prior to the search of McComas's truck.

Following the hearing, the district court found as credible Officer Howell's testimony that he has "both professional and personal experience in the odor of marijuana, and has smelled that substance hundreds of times," and the smell of marijuana from inside McComas's truck "was overwhelming." The district court's credibility determination was based, in part, on the spontaneous nature of Officer Howell's utterance that he smelled marijuana during the encounter and his subsequent testimony admitting that he could not smell marijuana from the edibles or cartridges found during the search. The district court acknowledged that while Officer Howell testified that he smelled marijuana, Officer Shanor testified that he did not. The district court did not find these differing perceptions negated the existence of probable cause because the officers had different locations and roles in the investigation. The district court concluded Officer Howell's smell of marijuana odor provided probable cause for the search. Accordingly, the district court denied McComas's motion to suppress.

Pursuant to a conditional plea agreement, McComas pleaded guilty to possession of a controlled substance with intent to deliver, reserving his right to appeal the denial of his motion to suppress. The district court sentenced McComas to a suspended, unified sentence of four years, with two years determinate, and placed McComas on probation. McComas timely appeals.

3

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

McComas alleges the district court erred in denying his motion to suppress. McComas argues that Officer Howell's smell of marijuana did not provide probable cause to support the search because the State did not make a threshold showing that Howell had the training and experience necessary to identify marijuana through smell alone. Alternatively, McComas argues that even if the State presented sufficient evidence of Officer Howell's training and experience with detecting marijuana odor, the totality of the circumstances did not provide probable cause for the search. In response, the State contends that McComas's argument regarding Officer Howell's training and experience was not presented in the district court and, thus, is not preserved for appeal. Additionally, the State argues the claims fail on the merits.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures. Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment. *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995). The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances. *Id.* One of the longstanding exceptions to the warrant requirement is the automobile exception which permits the search of a vehicle when there is probable cause to believe there is contraband inside. *United States v. Ross*, 456 U.S. 798, 807-08 (1982); *State v. Yeoumans*, 144 Idaho 871, 873, 172 P.3d 1146, 1148 (Ct. App. 2007).

4

Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person placed under arrest is guilty of a crime. *See State v. Julian*, 129 Idaho 133, 136, 922 P.2d 1059, 1062 (1996). Probable cause is not measured by the same level of proof required for conviction. *Id*. Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Julian*, 129 Idaho at 136, 922 P.2d at 1062. When reviewing an officer's actions, the court must judge the facts against an objective standard. *Julian*, 129 Idaho at 136, 922 P.2d at 1062. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate? *Id.* An officer may rely on information supplied by other officers and the collective knowledge of officers involved in the investigation in assessing whether there is probable cause for a search. *State v. Carr*, 123 Idaho 127, 130, 844 P.2d 1377, 1380 (Ct. App. 1992). There is probable cause for a search when a trained officer detects the smell of marijuana in a vehicle. *State v. Gonzales*, 117 Idaho 518, 519, 789 P.2d 206, 207 (Ct. App. 1990).

## A. McComas's Challenge to Officer Howell's Ability to Detect Marijuana Odor Is Not Preserved

McComas argues the State failed to make the requisite showing that Officer Howell had the training and experience to identify marijuana odor by smell, therefore, his smell of marijuana in McComas's truck could not establish probable cause for the search.[1] Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). The Idaho Supreme Court recently held that in order to preserve an issue for appellate review, not only must "the issue and the party's position on the issue" be raised before the trial court, but the party must also allege facts, apply relevant law to the facts, and state a conclusion in the court below. *State v. Randall*, ___ Idaho ___, ___, ___ P.3d ___, ___ (Oct. 5, 2021) (holding while brief opposing motion to suppress alleged facts and stated conclusion, it did

---

[1] In support of this argument, McComas relies on *Florida v. Harris*, 568 U.S. 237 (2013) which concerned the reliability of a drug dog's positive alert on a car. McComas provides no authority that any test set forth in *Harris* for assessing the sufficiency of a drug dog alert applies to circumstances when a trained officer smells marijuana. A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Accordingly, we will continue to use the standard set out in *State v. Gonzales*, 117 Idaho 518, 519, 789 P.2d 206, 207 (Ct. App. 1990).

not support conclusion by applying law to facts and therefore issue was not raised to trial court); *see also State v. Wilson*, ____ Idaho ___, ___, ___ P.3d ___, ___ (Sept. 7, 2021) (reiterating preservation requirements and holding appellate argument was unpreserved because State implicitly conceded below what it argued on appeal).

Here, McComas's motion to suppress asserted "[t]he question is if one officer doesn't smell the odor of marijuana and [another] officer does or alleges he does is that probable cause?" During the suppression hearing, the State presented evidence detailing Officer Howell's training and experience and the circumstances surrounding the search of McComas's truck. At the close of the suppression hearing, McComas did not challenge Officer Howell's training and experience. Instead, McComas summarized the entirety of his argument as:

> [Y]ou come down to the fact that two police officers, both experienced, both with their heads in the same vehicle. And one said he smells the overwhelming-- overwhelming odor of marijuana; the other one says he didn't smell any odor of marijuana.
> I just don't believe that, with one saying yes, one saying no, with the seriousness of the intrusion, that it reaches a level of probable cause.
> I'm quite confident, if this information had been taken to a judge and said, you know, Officer Shanor says he didn't smell anything, Officer Howell said he did, I don't believe a judge would issue a search warrant for that car, your Honor.
> And I don't think the Court should find probable cause based on Officer Howell saying he smelled the odor of marijuana either. Thank you.

Thus, McComas never argued that the State did not present sufficient evidence to establish Officer Howell had the training and experience to detect marijuana odor. Instead, the only issue McComas raised to the district court was whether, given the totality of the circumstances, Officer Howell's detection of marijuana odor established probable cause for the search when Officer Shanor did not smell the odor. Because a party must raise the issue, assert his position on the issue, and support his position with facts, authority, and a conclusion to the trial court, McComas has not preserved his challenge to the search of his truck based on whether Officer Howell had the training and experience to detect marijuana odor. Accordingly, McComas waived the issue on appeal.

**B.    Officer Howell's Credible Detection of the Odor of Marijuana in McComas's Truck Created Probable Cause to Search**

McComas accepts the district court's finding that Officer Howell's testimony was credible, therefore, McComas concedes that Officer Howell believed he smelled marijuana in McComas's truck. However, McComas argues that, given the totality of the circumstances, this did not create

probable cause to search McComas's truck because: (1) Officer Howell lacked training and experience to identify marijuana odor; (2) Officer Shanor did not smell marijuana odor prior to the search; and (3) no additional circumstances supported the search. Thus, McComas argues that, given the totality of the circumstances, Officer Howell's detection of marijuana odor was not sufficiently reliable to provide probable cause to search. As previously articulated, when asserting to the district court that the totality of the circumstances did not give rise to probable cause, McComas only offered one argument: because Officer Shanor did not smell marijuana inside McComas's truck, Officer Howell's detection of marijuana odor did not establish probable cause for the search. Therefore, this is the only argument we will consider on appeal.

In *Gonzales*, we held "the smell of marijuana *alone* can satisfy the probable cause requirement for a warrantless search." *Gonzales*, 117 Idaho at 519, 789 P.2d at 207. Once established, probable cause is not automatically eliminated by subsequent failures to detect the odor. *See State v. Anderson*, 154 Idaho 703, 708, 302 P.3d 328, 333 (2012) (holding subsequent failed alert does not necessarily negate a prior positive alert). Instead, "a failed alert is not per se dispositive of probable cause, but rather merely one factor to be considered in the totality of the circumstances analysis." *Id.*

Although McComas argues Officer Shanor's failure to also smell marijuana prior to the search of the truck renders Officer's Howell's detection of marijuana odor so unreliable that it does not establish probable cause, the totality of the circumstances shows otherwise. The district court found Officer Howell spontaneously commented on the odor in McComas's truck while he was attempting to locate and secure McComas's firearms. The district court found Officer Howell testified he had professional and personal experience in the odor of marijuana and the smell of marijuana from inside McComas's truck was overwhelming. The district court found Officer Howell's testimony to be credible.

The district court also considered that Officer Shanor did not smell marijuana prior to the search. The district court concluded that during the encounter with McComas, the officers were in different locations, with different roles in the investigation; a review of the body camera footage offered during the suppression hearing shows at the time Officer Howell stated he smelled marijuana in McComas's truck, Howell was inside the truck attempting to secure the firearms while Officer Shanor was outside the truck, speaking with McComas through an open window. Additionally, Officer Shanor testified that, given their positions, Officer Howell was downwind

from the truck and Officer Shanor was upwind during the encounter. Accordingly, after considering all the evidence, the district court did not find that Officer Shanor's failure to smell marijuana impacted Officer Howell's credibility or the reliability of his detection. McComas does not challenge any of these findings on appeal.

Thus, taken together, the undisputed facts establish that Officer Howell, who was familiar with the smell of marijuana based on his training and experience, smelled an overwhelming odor of marijuana while moving items around inside the cab of McComas's truck. Although Officer Shanor did not smell marijuana at the time, Officer Shanor remained outside of the truck and upwind, while Officer Howell was partially inside the truck searching to locate the firearms. Given the totality of the circumstances, Officer Shanor's failure to smell marijuana odor while he remained outside the truck did not eliminate the probable cause established by Officer Howell's credible detection of marijuana odor while inside the truck. As such, the officers had probable cause to search McComas's truck based on the credible detection of marijuana odor by a trained officer.

## IV.
## CONCLUSION

McComas's challenge to the State's threshold showing that Officer Howell had the training and experience to detect marijuana odor is unpreserved. Because the search of McComas's truck was supported by probable cause, the district court did not err in denying McComas's motion to suppress. The judgment of conviction is affirmed.

Judge LORELLO and Judge Pro Tem MELANSON **CONCUR**.