## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 49199

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: February 14, 2023** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| COREY EUGENE STEFANI, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Darla S. Williamson, Senior District Judge.

Judgment of conviction, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Corey Eugene Stefani appeals from his judgment of conviction for possession of marijuana, Idaho Code § 37-2732(c)(3). Stefani argues the State did not provide sufficient evidence to prove that the substance he possessed was marijuana. The State provided substantial evidence for the jury to find Stefani possessed marijuana. Accordingly, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

During an outstanding warrant arrest for Stefani's girlfriend, law enforcement saw what appeared to be a bag of methamphetamine on Stefani's seat as he exited his vehicle. Officer Kincaid searched Stefani's vehicle and discovered a multicolored glass pipe with a green leafy substance in the bowl along with two bags of a green leafy substance. The State charged Stefani

1

with possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia.

During the jury trial, the State proffered Officer Kincaid's testimony as evidence of the marijuana possession.

| PROSECUTOR: | How long have you been a Boise Police officer? |
| --- | --- |
| OFFICER KINCAID: | Fifteen years. |
| PROSECUTOR: | What kind of training do you have to work for the Boise Police Department? |
| OFFICER KINCAID: | I'm sorry.  What was that? |
| PROSECUTOR: | What kind of training do you have? |
| OFFICER KINCAID: | I'm certified through P.O.S.T. [Police Officer Standards and Training] I have my advanced certificate at this time.  I actually should be getting my master's certificate at any time now with that fifteen-year mark.  Narcotics training.  I don't know how specific you want me to get. |
| PROSECUTOR: | That's fine. |
| | . . . . |
| PROSECUTOR: | Did you find anything else of interest to you in the driver's side area? |
| OFFICER KINCAID: | Yeah.  I found a multicolored glass pipe with green leafy substance in the bowel (sic) of the pipe.  I also found two--and that was in the door handle of the driver's door.  And then in the door pocket of the driver's door, I found two bags of green leafy substance, two different bags of green leafy substance. |
| PROSECUTOR: | So I want to talk about the green leafy substance.  Did you smell the green leafy substance? |
| OFFICER KINCAID: | You could smell an odor from the pipe. |
| PROSECUTOR: | And what was that odor? |
| OFFICER KINCAID: | It's kind of a skunky smell, consistent with the smell of marijuana. |
| PROSECUTOR: | Did the green leafy substance look like marijuana to you? |
| OFFICER KINCAID: | It did. |
| PROSECUTOR: | Did you submit the suspected marijuana to the lab for testing? |
| OFFICER KINCAID: | I did not. |
| PROSECUTOR: | Why not? |
| OFFICER KINCAID: | It's a lower schedule narcotic than what the primary tested crystal substance we had is.  So usually we just send the higher scheduled narcotic to the lab. |

Stefani's trial counsel did not cross-examine Officer Kincaid about the marijuana. The jury found Stefani guilty on all charges: possession of methamphetamine, possession of marijuana, and possession of drug paraphernalia. Stefani timely appeals.

## II.

## STANDARD OF REVIEW

Appellate review of the sufficiency of the evidence is limited in scope. A finding of guilt will not be overturned on appeal where there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We will not substitute our view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we will consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

## III.

## ANALYSIS

Stefani argues the State failed to introduce sufficient evidence to establish beyond a reasonable doubt that the green leafy substance found in his possession was marijuana. The State argues the testimony from the officers, the circumstances, and particularly, the testimony from Officer Kincaid was sufficient evidence for the jury to find beyond a reasonable doubt that the green leafy substance was marijuana. Sufficient evidence supports the finding that the green leafy substance was marijuana.

> The Fourteenth Amendment of the United States Constitution guarantees the right to due process, and the U.S. Supreme Court has held that as a part of that due process, "no person shall be made to suffer the onus of a criminal conviction except upon sufficient proof--defined as evidence necessary to convince a trier of fact beyond a reasonable doubt of the existence of every element of the offense."

*State v. Adamcik*, 152 Idaho 445, 460, 272 P.3d 417, 432 (2010) (quoting *Jackson v. Virginia*, 443 U.S. 307, 316 (1979)).

In *State v. Mitchell*, 130 Idaho 134, 937 P.2d 960 (Ct. App. 1997), this Court held that "circumstantial evidence may be sufficient to prove the identity of a substance where laboratory

3

analysis is not available." *Id.* at 136, 937 P.2d at 962. Nevertheless, "it remains incumbent on the State to provide evidence that meets the standard of proof beyond a reasonable doubt." *Id.* Because the State did not present laboratory test results showing the green leafy substance was marijuana, the question is whether the State presented substantial circumstantial evidence to prove its identity.

Stefani argues the evidence is insufficient to prove identity similar to the State's failure to prove the substance was methamphetamine in *State v. Tryon*, 164 Idaho 254, 429 P.3d 142 (2018). The Idaho Supreme Court noted in *Tryon* the only evidence offered to identify the presumed methamphetamine was the arresting officer's testimony. *Id.* at 259, 429 P.3d at 147. The officer testified that

> he had dealt with methamphetamine on almost a weekly basis, in about one hundred cases; that seventy to eighty percent of the time he found methamphetamine in proximity to syringes or pipes; that the substance in this case was found with two syringes and pipes; and that, in his opinion, the substance looked like methamphetamine.

*Id.* Yet in cross-examination, the officer acknowledged, "kosher salt and other white crystalline substances could look like methamphetamine." *Id.* The Idaho Supreme Court held "there was not enough circumstantial evidence in the record upon which a reasonable jury could conclude, beyond a reasonable doubt, that Tryon was guilty of possession of [methamphetamine]." *Id.* at 260, 429 P.3d at 148.[1]

Nevertheless, each substance has its own distinct case-by-case analysis, and marijuana is substantially different from methamphetamine. *See Mitchell*, 130 Idaho at 136, 937 P.2d at 962 ("The sufficiency of less direct evidence must be evaluated on a case-by-case basis."). In *Tryon*, the Idaho Supreme Court noted, "[f]urther, the substance was not clearly identifiable as methamphetamine solely by its appearance, smell, and packaging." *Tryon*, 164 Idaho at 259, 429 P.3d at 147. The State contends that marijuana "is much more susceptible to visual and olfactory identification" in contrast to methamphetamine. We agree.

---

[1] The *Tryon* Court referenced prior cases which "involved certain affirmative acts by law enforcement to identify the substances." *State v. Tryon*, 164 Idaho 254, 259 429 P.3d 142, 147 (2018). Here, the parties agree that an affirmative act to confirm the identity of the substance is strong evidence and, in some cases, pills for instance (that do not have a distinct appearance and odor), may be necessary to establish identity. The parties further agree, however, that an affirmative act, such as laboratory testing, is not always required to sufficiently identify a substance.

4

Similar to *Tryon*, the State's primary evidence as to substance identification came from Officer Kincaid's testimony. Officer Kincaid testified that he had fifteen years of experience, an advanced certificate from P.O.S.T., and narcotics training. Officer Kincaid testified that the green leafy substance looked like marijuana and that the smell was consistent with marijuana. Officer Kincaid testified that the green leafy substance in the pipe had "kind of a skunky smell, consistent with the smell of marijuana." The pungent smell of marijuana has its own developed case law in Idaho. It is well known that "the smell of marijuana *alone* can satisfy the probable cause requirement for a warrantless search" under the automobile exception. *State v. Gonzales*, 117 Idaho 518, 519, 789 P.2d 206, 207 (Ct. App. 1990) (quoting *State v. Capps*, 641 P.2d 484, 487 (1982)). This precedent suggests that the smell of marijuana is unique to the identification of marijuana, unmatched by a substance such as methamphetamine. *Cf. Tryon*, 164 Idaho at 257, 429 P.3d at 145 (officer testified methamphetamine had little to no odor).

In this case, Officer Kincaid testified that the green leafy substance looked and smelled like marijuana and that the pipe was loaded, ready for use. Officer Evans, who saw the methamphetamine baggie on the driver's seat, testified that the pipe in the car stood out to him because it was not the type used for smoking methamphetamine. The pipe and the two baggies of green leafy substance were located in the same area as the methamphetamine. It is common knowledge that marijuana is a green leafy substance and that plastic baggies, such as those found in the driver's door, are commonly used to store marijuana. *New Jersey v. T.L.O.*, 469 U.S. 325, 347 (1985). Unlike methamphetamine or non-descript pills, marijuana, aside from its green leafy appearance, has a distinct and readily recognizable odor which distinguishes that green leafy substance from any other. Accordingly, the State provided substantial evidence for the jury to find that Stefani possessed marijuana.

## IV.

## CONCLUSION

We hold that substantial evidence was presented at Stefani's trial from which the jury could properly find beyond a reasonable doubt that the substance he possessed was marijuana. Therefore, Stefani's judgment of conviction of possession of marijuana is affirmed.

Judge HUSKEY and Judge BRAILSFORD **CONCUR**.

5