**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 51541**

| | |
|---|---|
| STATE OF IDAHO,<br><br>       **Plaintiff-Appellant,**<br><br>v.<br><br>TALAN DEAN GROUNDS,<br><br>       **Defendant-Respondent.** | )<br>)  **Filed: February 20, 2026**<br>)<br>)  **Melanie Gagnepain, Clerk**<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Susie Jensen, District Judge.

Order granting motion to suppress, <u>reversed</u> and <u>case</u> <u>remanded</u>.

Hon. Raúl R. Labrador, Attorney General; Kacey L. Jones, Deputy Attorney General, Boise, for appellant.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for respondent.

_____

LORELLO, Judge

The State of Idaho appeals from the district court's order granting Talan Dean Grounds' motion to suppress. For the reasons set forth below, we reverse and remand.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

An officer stopped Grounds' vehicle after observing multiple traffic violations. While the initiating officer was in his patrol vehicle writing citations, additional officers arrived to assist. Grounds was asked to exit his vehicle, and after he complied, one officer approached the driver's side door and detected the odor of burnt fentanyl through the open driver's side window. Another officer confirmed he also smelled the odor of burnt fentanyl. The two officers who smelled the odor informed the initiating officer of the odor. The initiating officer gave the two officers

1

permission to search Grounds' vehicle based on the "plain smell" of the burnt fentanyl. The search resulted in the discovery of partially burned pills, which later tested positive for fentanyl.

The State charged Grounds with possession of a controlled substance. I.C. § 37-2732(c)(1). Grounds filed a motion to suppress the contraband found, arguing that there was not sufficient probable cause to justify a warrantless search of his vehicle. The issues specifically raised by Grounds in the motion to suppress were: (1) whether the odor of burnt fentanyl satisfies the probable cause requirement for a warrantless search; (2) whether the odor of burnt fentanyl is sufficiently distinct; and (3) whether the two officers were qualified to recognize the odor of burnt fentanyl. Following a hearing, the district court found the odor of burnt fentanyl satisfies the probable cause requirement, that the odor of burnt fentanyl is sufficiently distinct, but that the two officers were not qualified to recognize the odor of burnt fentanyl. The district court granted Grounds' motion. The State appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

The State argues the district court erred in granting Grounds' motion to suppress. Specifically, the State asserts the district court erred in finding that the two officers were not qualified to recognize the odor of burnt fentanyl because the district court applied an erroneous standard. Grounds responds that the district court did not err in granting his motion to suppress because the evidence presented supports the district court's conclusion that the officers were not

2

qualified to recognize the odor of burnt fentanyl.[1]  We hold the district court erred in finding the officers were unqualified to recognize the odor of burnt fentanyl.

The Fourth Amendment to the United States Constitution prohibits unreasonable searches and seizures.  Warrantless searches are presumed to be unreasonable and therefore violative of the Fourth Amendment.  *State v. Weaver*, 127 Idaho 288, 290, 900 P.2d 196, 198 (1995).  The State may overcome this presumption by demonstrating that a warrantless search either fell within a well-recognized exception to the warrant requirement or was otherwise reasonable under the circumstances.  *Id.*  One well-recognized exception to the warrant requirement is the automobile exception.  *State v. Gallegos*, 120 Idaho 894, 898, 821 P.2d 949, 953 (1991).  In determining whether a search is authorized pursuant to the automobile exception, the question is whether there is probable cause to believe the automobile contains contraband or evidence of a crime.  *Carroll v. United States*, 267 U.S. 132, 155-56 (1925).  Probable cause is established when the totality of the circumstances known to the officer at the time of the search would give rise--in the mind of a reasonable person--to a fair probability that contraband or evidence of a crime will be found in a particular place.  *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012).  Probable cause is a flexible, common-sense standard.  A practical, nontechnical probability that incriminating evidence is present is all that is required.  *Texas v. Brown*, 460 U.S. 730, 742 (1983); *State v. Johnson*, 152 Idaho 56, 61, 266 P.3d 1161, 1166 (Ct. App. 2011).

Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that an individual who has been placed under arrest is guilty of a crime.  *State v. Williams*, 162 Idaho 56, 66, 394 P.3d 99, 109 (Ct. App. 2016).  Probable cause is not measured by the same level of proof required for conviction.  *Id*.  Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act.  *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Williams*, 162 Idaho at 66, 394 P.3d at 109.  When reviewing an officer's actions, the trial court must judge the facts against an objective standard.  *Williams*, 162 Idaho at 66, 394 P.3d at 109.  That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate.  *Id.*  A probable cause analysis

---

[1]    The parties agree that the odor of burnt fentanyl provides probable cause to search.

must allow room for mistakes on the part of the arresting officer but only the mistakes of a reasonable person acting on facts which sensibly led to his or her conclusions of probability. *State v. Kerley*, 134 Idaho 870, 874, 11 P.3d 489, 493 (Ct. App. 2000).

In his motion to suppress, Grounds asserted, in relevant part, that the two officers were unqualified to recognize the odor of burnt fentanyl. The district court agreed. In doing so, the district court relied on an Indiana Supreme Court case, *Bunnell v. State*, 172 N.E.3d 1231 (Ind. 2021), which held that officers who assert their training and experience as the basis for their ability to detect the scent of raw marijuana can present a substantial basis for probable cause. The Court in *Bunnell* concluded that, because the Indiana officers received mandatory training in the detection of raw and burnt marijuana, an officer could rely on training and experience and that implicit in an officer's statement that he smelled marijuana is that he knows what marijuana smells like by virtue of his law enforcement experience. *Id.* at 1237.

The district court acknowledged no mandatory training exists for recognizing burnt fentanyl in Idaho. But the district court credited the officers' testimony that they recognized the odor of burnt fentanyl not from a mandatory fentanyl-specific training program, but from a field training program, ongoing job experience, and instruction from more experienced officers. Nevertheless, the district court found the officers were unqualified to recognize the odor of burnt fentanyl, reasoning: the officers were "relatively new"; both officers "received some verbal training on odor identification by more experienced officers"; "[b]oth had participated in 25 or fewer investigations involving fentanyl, of which only a portion had included the odor of burned fentanyl pills"; "[n]either officer articulated any specific instance where they personally and initially identified an odor of burned fentanyl and subsequently had some type of confirmation"; "[b]oth officers did articulate at least one time where they smelled the odor of burned fentanyl pills," which was confirmed; neither officer "has worked with a canine, which could potentially offer immediate confirmation of human detected odors"; "[n]either officer has participated in a significant number of investigations in which they were exposed to burned fentanyl odors," or "in a significant number of investigations where an odor they detected was later confirmed in some fashion"; and "[n]either officer has been in close proximity with someone actively smoking fentanyl pills." According to the district court, this represents a non-exhaustive "list of examples or factors that would lend weight to an officer's training and experience or would automatically

4

qualify the officer to identify the odor." Absent such additional information, the district court concluded the officers were "not qualified to identify the odor of burned fentanyl pills." In concluding the officers were not qualified, the district court disregarded the officers' training and experience, instead focusing on training and experience it believed would be better.

The State contends the district court's analysis was incorrect. We agree. That the officers did not have *additional* training and experience or some unspecified "significant number" of investigations involving the odor of burnt fentanyl does not render the officers unqualified to detect such an odor. The officers' testimony, a portion of which is included in the district court's findings excerpted above, established that they had knowledge, skill, experience, and training that informed their conclusion that there was an odor of burnt fentanyl coming from Grounds' vehicle. *See* I.R.E. 702 (providing that "knowledge, skill, experience, training or education" is sufficient for purposes of expert testimony). This conclusion is consistent with the probable cause standard, which permits an officer to draw reasonable inferences from related experience and law enforcement training. *State v. Gonzales*, 117 Idaho 518, 519, 789 P.2d 206, 207 (Ct. App. 1990). The officers were not required to participate in a minimum number of investigations, have canine confirmation of odors they detected, or be in the presence of "someone actively smoking fentanyl pills" to use their existing training and experience to find probable cause in this case. The district court erred in granting Grounds' motion to suppress.

## IV.

## CONCLUSION

The district court erred in determining the two officers were unqualified to recognize the odor of burnt fentanyl because the district court applied an erroneous standard for probable cause to the evidence presented. Therefore, the district court's order granting Grounds' motion to suppress is reversed and the case is remanded.

Chief Judge TRIBE and Judge Pro Tem MELANSON, **CONCUR**.

5