IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket Nos. 51441 & 51442

| STATE OF IDAHO, | ) | |
|---|---|---|
| | ) | **Filed: March 25, 2026** |
| Plaintiff-Respondent, | ) | |
| | ) | **Melanie Gagnepain, Clerk** |
| v. | ) | |
| | ) | **THIS IS AN UNPUBLISHED** |
| JEREMY JAMES PRISHMONT, | ) | **OPINION AND SHALL NOT** |
| | ) | **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Barry McHugh, District Judge.

Judgments of conviction for two counts of possession of a controlled substance, affirmed.

Erik R. Lehtinen, State Appellate Public Defender; Kiley A. Heffner, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; Michael MacEgan, Deputy Attorney General, Boise, for respondent.

LORELLO, Judge

In these consolidated cases, Jeremy James Prishmont appeals from his judgments of conviction for two counts of possession of a controlled substance. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In Docket No. 51441, an officer responded to a store after receiving a report that a woman had stolen merchandise and put it in her purse or coat and then drove away in a red truck with a ski rack on top. The officer saw a vehicle matching that description leaving the store parking lot and initiated a traffic stop. Prishmont was in the passenger seat. The driver said she had been in the store to purchase cigarettes but left because her card was declined. The driver then consented to a search of her purse. The officer found a green, leafy substance that she recognized to be

1

marijuana. Based on this discovery, the officer searched the vehicle and found drugs, drug paraphernalia, and merchandise from the store. Prishmont was transported to jail, where officers searched him and discovered a wrapped-up piece of foil with brown residue in his back pocket. Prishmont was subsequently charged with two counts of possession of a controlled substance (I.C. § 37-2732(c)(1)) and felony introducing major contraband into a correctional facility (I.C. § 18-2510(3)). Prishmont was released on bond pending further proceedings.

In Docket No. 51442, an officer stopped Prishmont as he left a parking lot for failing to use a turn signal and failing to come to a complete stop before entering a roadway. During the traffic stop, the officer smelled burnt marijuana coming from Prishmont's vehicle. As a result, the officer conducted a search of the vehicle and discovered several pieces of tin foil with burnt residue that appeared to be fentanyl, a burnt pill that the officer also recognized as fentanyl, and methamphetamine inside a small container on a necklace Prishmont was wearing. Prishmont was charged with two counts of possession of a controlled substance (I.C. § 37-2732(c)(1)) and being a persistent violator (I.C. § 19-2514).

In Docket No. 51441, Prishmont moved to suppress all evidence and statements obtained because of the warrantless search of the vehicle, arguing the search of the driver's purse did not justify the subsequent search of the vehicle. In Docket No. 51442, Prishmont moved to suppress all evidence obtained from the warrantless search of his vehicle, arguing the officer did not have probable cause to search the vehicle because the officer could not have reasonably believed he smelled marijuana emanating from the vehicle. The district court denied both of Prishmont's motions to suppress. Pursuant to a plea agreement, Prishmont pled guilty to one count of possession of a controlled substance in Docket No. 51441, and one count of possession of a controlled substance in Docket No. 51442. In exchange for his guilty pleas, the other charges were dismissed. Prishmont appeals.

## II.

## STANDARD OF REVIEW

The standard of review of a suppression motion is bifurcated. When a decision on a motion to suppress is challenged, we accept the trial court's findings of fact that are supported by substantial evidence, but we freely review the application of constitutional principles to the facts as found. *State v. Atkinson*, 128 Idaho 559, 561, 916 P.2d 1284, 1286 (Ct. App. 1996). At a

2

suppression hearing, the power to assess the credibility of witnesses, resolve factual conflicts, weigh evidence, and draw factual inferences is vested in the trial court. *State v. Valdez-Molina*, 127 Idaho 102, 106, 897 P.2d 993, 997 (1995); *State v. Schevers*, 132 Idaho 786, 789, 979 P.2d 659, 662 (Ct. App. 1999).

## III.

## ANALYSIS

Prishmont challenges the denial of his motions to suppress in both cases. The motions to suppress stem from two separate warrantless searches--one of vehicle in which Prishmont was a passenger and one of his vehicle. The State responds that the district court correctly concluded both searches were constitutionally permissible. We hold that both the search of Prishmont's vehicle and the search of the vehicle in which he was a passenger were constitutionally permissible.

A warrantless search is presumptively unreasonable unless it falls within certain special and well-delineated exceptions to the warrant requirement. *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971); *State v. Ferreira*, 133 Idaho 474, 479, 988 P.2d 700, 705 (Ct. App. 1999). The automobile exception to the warrant requirement allows police to search a vehicle without a warrant when there is probable cause to believe the vehicle contains contraband or evidence of a crime. *State v. Anderson*, 154 Idaho 703, 706, 302 P.3d 328, 331 (2012). Probable cause is the possession of information that would lead a person of ordinary care and prudence to believe or entertain an honest and strong presumption that a person they have placed under arrest is guilty of a crime. *State v. Williams*, 162 Idaho 56, 66, 394 P.3d 99, 109 (Ct. App. 2016). Probable cause is not measured by the same level of proof required for conviction. *Id.* Rather, probable cause deals with the factual and practical considerations on which reasonable and prudent persons act. *Brinegar v. United States*, 338 U.S. 160, 175 (1949); *Williams*, 162 Idaho at 66, 394 P.3d at 109. When reviewing an officer's actions, the court must judge the facts against an objective standard. *Williams*, 162 Idaho at 66, 394 P.3d at 109. That is, would the facts available to the officer, at the moment of the seizure or search, warrant a reasonable person in holding the belief that the action taken was appropriate. *Id.*

## A. Docket No. 51441--Motion to Suppress

"Mindful" that substantial and competent evidence supports the district court's findings and "mindful" of case law, Prishmont argues that law enforcement lacked probable cause to

conduct a warrantless search of the vehicle in which he was a passenger. More specifically, Prishmont asserts that finding marijuana in a purse that the driver handed from the vehicle to the officer through the window was insufficient to support a warrantless search of the vehicle. The State responds that, pursuant to the automobile exception, the presence of the marijuana in the purse removed from the vehicle provided sufficient probable cause for officers to search the vehicle for other contraband. The State further contends that officers had probable cause to search the vehicle based on the shoplifting report that identified the vehicle as the one driven by the reported shoplifter.

The district court denied Prishmont's motion to suppress after finding that the warrantless search of the vehicle was supported by probable cause. The district court found that the officer had probable cause because he was responding to a report of theft from the store, and the reporting party provided a sufficiently detailed description of the vehicle in which Prishmont was a passenger. After the vehicle was stopped in conjunction with the theft report, the driver of the vehicle consented to a search of her purse and handed the purse from the center console through the window to the officer. Although the officer did not find any of the reported stolen merchandise in the purse, the officer did find marijuana. Based on the marijuana discovery, the officer then searched the vehicle. The district court also found that the officer had probable cause to search the vehicle to look for the stolen merchandise that was not found in the driver's purse.

Prishmont concedes that our decision in *State v. Johnson*, 152 Idaho 56, 266 P.3d 1161, (Ct. App. 2011) is dispositive of his argument. In *Johnson*, we held that the officer had probable cause to search a vehicle based on several circumstances, including drugs found outside of the vehicle that were associated with the occupants of the vehicle. *Id.* at 62, 266 P.3d at 1167. Prishmont has failed to show the district court erred in denying his motion to suppress the evidence found in the vehicle in which he was a passenger.

**B.      Docket No. 51442--Motion to Suppress**

"Mindful" of the district court's credibility determinations, Prishmont argues the officer could not have reasonably smelled marijuana coming from Prishmont's vehicle and, therefore, did not have probable cause to justify the search based on the odor of marijuana. The State responds that the district court's credibility determinations related to the officer's testimony that he smelled

4

burnt marijuana, coupled with the law that authorizes the search of a vehicle based on the odor of marijuana, support the district court's decision.

This Court will not substitute its view for that of the trier of fact as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *State v. Flowers*, 131 Idaho 205, 207, 953 P.2d 645, 647 (Ct. App. 1998). Smelling marijuana emanating from a vehicle can establish sufficient probable cause to conduct a search. *State v. Gonzales*, 117 Idaho 518, 519, 789 P.2d 206, 207 (Ct. App. 1990). The officer had reasonable suspicion to search Prishmont's vehicle after smelling marijuana emanating from the interior. Prishmont concedes that the district court's credibility determinations are unchallengeable on appeal and acknowledges the odor of marijuana constitutes probable cause for a search. As such, Prishmont has failed to show the district court erred in denying his motion to suppress.

## IV.
## CONCLUSION

Prishmont has failed to show the district court erred in denying his motions to suppress. Accordingly, Prishmont's judgments of conviction for two counts of possession of a controlled substance are affirmed.

Chief Judge TRIBE and Judge GRATTON, **CONCUR**.