**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Appellee,<br><br>v.<br><br>HECTOR AGUIRRE,<br><br>    Defendant - Appellant. | No. 25-2052<br><br>D.C. No.<br>1:23-cr-00187-DCN-1<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted April 16, 2026[**]
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Hector Aguirre appeals from the district court's denial of his motion to

suppress evidence obtained during a traffic stop. We have jurisdiction under 28

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

U.S.C. § 1291.  As the parties are familiar with the facts, we do not recount them here.  We affirm.

1. The district court properly denied Aguirre's motion to suppress because Officer Seferino Tapia's opening of Aguirre's driver-side door was reasonable under the circumstances of the traffic stop.  The parties do not dispute that the officers lawfully stopped Aguirre after observing traffic violations, including a missing front license plate and suspended registration.  When Officer Tapia approached the vehicle, Aguirre's driver-side window was only partially open and tinted, which obstructed Officer Tapia's view of the interior, and Aguirre stated that the window was broken.  Aguirre also indicated that the door could not be opened from the inside.  Under these circumstances, opening the door from the outside was a minimal and reasonable step to facilitate communication with the driver and ensure officer safety during the stop.  *See Pennsylvania v. Mimms*, 434 U.S. 106, 110 (1977); *Rodriguez v. United States*, 575 U.S. 348, 356 (2015).

Additional circumstances reinforced the reasonableness of Officer Tapia's actions.  Officer Tapia knew that Aguirre was a gang affiliate from prior contacts, and observed a red bandana associated with a gang hanging from the vehicle's rearview mirror.  Given the obstructed visibility into the vehicle, as well as these safety considerations, Officer Tapia's limited action in opening the door was objectively reasonable under the Fourth Amendment.  *See Mimms*, 434 U.S. at 111.

Because Officer Tapia's actions were reasonable under the circumstances, we need not reach the question of whether opening Aguirre's driver-side door was a search.

2. Even if Officer Tapia's act of opening the door constituted a Fourth Amendment violation, suppression would not be warranted because the challenged evidence was discovered through an independent source. *See United States v. Gorman*, 859 F.3d 706, 718 (9th Cir. 2017) (citing *Utah v. Strieff*, 579 U.S. 232, 238 (2016)).

Here, a second officer, Talon Derrick, independently developed probable cause to search Aguirre's vehicle from a lawful vantage point at the passenger-side window. From that position, Officer Derrick detected the odor of marijuana emanating from the vehicle and observed behavior consistent with drug use, including that Aguirre looked "moderately lethargic." Aguirre also admitted to Officer Derrick that marijuana was present in the vehicle. Because possession of marijuana is unlawful in Idaho, these observations supplied probable cause to believe that the vehicle contained contraband. Idaho Code §§ 37-2732(c)(3), 37-2705(d)(19); *see also Minnesota v. Dickerson*, 508 U.S. 366, 375 (1993) (noting that the plain-view doctrine may be analogized to other senses); *State v. Gonzalez*, 789 P.2d 206, 207 (Id. Ct. App. 1990) (holding that, in Idaho, smelling marijuana in a car supplies probable cause to search the vehicle). The automobile exception

therefore authorized the subsequent search of the vehicle that produced the challenged evidence.

**AFFIRMED.**