NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 25-3723 |
| Plaintiff - Appellee, | D.C. No. 3:23-cr-00256-AKB-1 |
| v. | |
| ROBERT CHARLES KAY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Amanda K. Brailsford, District Judge, Presiding

Submitted April 16, 2026**
Portland, Oregon

Before: OWENS, VANDYKE, and SUNG, Circuit Judges.

Defendant Robert Charles Kay appeals from his conviction for possession of

controlled substances with intent to distribute in violation of 12 U.S.C. § 841(a)(1)

and (b)(1)(b).  He argues that the district court erred in denying his motion to

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

suppress evidence discovered during a warrantless search of a silver Dodge Ram. As the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

We review de novo the denial of a motion to suppress, and we review the district court's underlying factual findings for clear error. *United States v. Hylton*, 30 F.4th 842, 846 (9th Cir. 2022).

The search of the Dodge Ram was constitutional under the plain view doctrine, which allows officers to seize evidence without a warrant if they are lawfully in a position to view the item, and if its incriminating nature is immediately apparent. *See Arizona v. Hicks*, 480 U.S. 321, 326 (1987); *Coolidge v. New Hampshire*, 403 U.S. 443, 465 (1971) (plurality opinion). While standing in the parking lot, the officers observed "loose marijuana" through the Dodge's passenger-side window. Based on their training and experience, the officers reasonably believed the substance they saw in the vehicle to be marijuana. Marijuana possession is unlawful in Idaho. Idaho Code §§ 37-2732(c)(3), 37-2705(d)(19). The officers' observations of the marijuana from outside the car thus supplied probable cause to search the vehicle. *See State v. Gonzales*, 789 P.2d 206, 207 (Id. Ct. App. 1990) (holding that, in Idaho, merely smelling marijuana in a car supplies probable cause to search the vehicle); *see also Arizona v. Gant*, 556 U.S. 332, 347 (2009) (noting that under the automobile exception to the Fourth

2                                                          25-3723

Amendment's warrant requirement, officers may search a vehicle if they have probable cause to believe that it contains evidence of a crime) (citing *United States v. Ross*, 456 U.S. 798, 820–21 (1982)).

Additionally, other circumstances independently supplied probable cause for the officers to search the Dodge Ram. *See Illinois v. Gates*, 462 U.S. 213, 238 (1983) (holding that probable cause exists where a totality of the circumstances indicates that "there is a fair probability that contraband or evidence of a crime will be found in a particular place"). Surveillance footage showed Kay handling loose marijuana in another car in the same parking lot, rolling a joint, and giving marijuana to another individual. Kay also admitted that he had given "a couple nugs," referring to marijuana, to another individual. Officers further learned that Kay and his companion arrived in a silver Dodge Ram, and that a patron reported that Kay had attempted to sell drugs from that vehicle. When officers escorted Kay from the casino, one officer observed Kay hand his companion what appeared to be Dodge vehicle keys. This key later unlocked the Dodge Ram. Taken together, these facts established a reasonable probability that the Dodge Ram contained contraband or evidence of criminal activity. *Id*.

The district court therefore did not err in denying Kay's motion to suppress.

**AFFIRMED.**

25-3723